UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK JOHNSON HOWELL,

        Petitioner,                      Case No. 19-cv-11019
                                                      Honorable Mark A. Goldsmith

v.

MARK MCCULLICK,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING RESPONDENT'S MOTION TO DISMISS (Dkt. 7);
(2) GRANTING PETITIONER'S REQUEST TO STAY;
(3) ADMINISTRATIVELY CLOSING CASE; AND (4) DENYING PETITIONER'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Petitioner Mack Johnson Howell, currently in the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his armed robbery conviction, Mich. Comp. Laws § 750.529. Respondent has filed a motion to dismiss the petition on the ground that one of the two claims raised in the petition is unexhausted (Dkt. 7). In response, Petitioner concedes he failed to exhaust state court remedies, but asks the Court to stay rather than dismiss the petition (Dkt. 13). Also before the Court is Petitioner's motion for judgment on the pleadings (Dkt. 7).

For the reasons discussed, the Court denies Respondent's motion and stays the proceedings under the terms outlined herein. The Court will administratively close the case. The Court also denies Petitioner's motion for judgment on the pleadings.

**I. Background**

Petitioner's conviction arises from a late-night hold up at a convenience store located in Eastpointe, Michigan. He was convicted by a jury in Macomb County Circuit Court and, on October 17, 2016, he was sentenced to 25 to 50 years' imprisonment.

Petitioner's conviction was affirmed on appeal. People v. Howell, No. 335449, 2018 WL 987397, at *2 (Mich. Ct. App. Feb. 20, 2018), leave denied, 915 N.W.2d 369 (2018)

Petitioner then filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds, as stated in his petition:

> I. [Petitioner] was denied a fair trial in violation of the Due Process Clause by the admission of Ms. Gaston's identification. In the alternative, was his trial counsel constitutionally ineffective in failing to move to suppress the identification of Mr. Howell?
>
> II. [Petitioner] is entitled to a speedy trial under the rule and constitution. Constitutional violation pursuant to M.C.R. 6.004, Sixth and Fourteenth Amendment to the United States Constitution, and article 1 § 20 of the Michigan Constitution.

Pet. for Writ of Habeas Corpus, PageID.13 (Dkt. 1).

## II. Analysis

Respondent seeks to dismiss the petition because Petitioner did not exhaust state court remedies for his second claim prior to filing his petition. In response, Petitioner acknowledges that his second claim is unexhausted and asks the Court to stay the case while he exhausts state court remedies.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Weber, 544 U.S. 269 (2005)). A stay may be granted provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278.

The Court finds a stay is warranted. First, a dismissal of this case could result in a subsequent petition being barred as untimely by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's allegation that his appellate attorney was ineffective for

2

failing to raise the issue and failing to advise Petitioner he could file a pro per supplemental brief on appeal may provide good cause for his failure to exhaust. Third, the speedy trial claim is not plainly meritless, and the Court sees no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within ninety days of the filing date of this order. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on Petitioner's return to this Court, by filing a motion to reopen and an amended petition, using the same caption and case number included at the top of this Order, within ninety days of fully exhausting his state court remedies. See id. Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. See Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

Also before the Court is Petitioner's motion for judgment on the pleadings. The basis for Petitioner's motion is his allegation that Respondent failed to file a response to the petition in accordance with the Court's Order requiring a response by October 21, 2019 (Dkt. 5) Respondent complied with the Order by filing a timely motion to dismiss. The Court denies the motion.[1]

---

[1] Moreover, even in cases where a respondent fails to file a timely response or a timely motion for extension of time, the Sixth Circuit Court of Appeals has held that, based upon the express language of the habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment. Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970). Accord Bleitner v. Welborn, 15 F.3d 652 (7th Cir. 1994); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Cf. Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981) (holding that, in habeas corpus cases, the remedy of entering a default judgment as a

3

## IV. Conclusion

For the reasons set forth above, the Court denies Respondent's Motion to Dismiss (Dkt. 7) and denies Petitioner's Motion for Judgment on the Pleadings (Dkt. 11).

The petition for writ of habeas corpus is stayed pending completion of Petitioner's state application for post-conviction review. Petitioner's failure to comply with the conditions of the stay set forth above may result in dismissal of the petition without prejudice.

To avoid administrative difficulties, the Court orders the Clerk of the Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

Dated: September 28, 2020       s/Mark A. Goldsmith
        Detroit, Michigan                 MARK A. GOLDSMITH
                                      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2020.

                                                            s/Karri Sandusky
                                                            Case Manager

---

sanction for respondent's failure to respond to petition may be an appropriate remedy where the respondent is guilty of extreme and inadequately explained delays).